**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division**

**BRANDON JOHNSON,**

    **Plaintiff,**

**v.**

**D & M UNDERGROUND, LLC and
BRYAN SMITH,**

    **Defendants.**

No.: _____

**JURY DEMANDED**

## COMPLAINT

PLAINTIFF, Brandon Johnson, brings this action against the Defendants and shows the following.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff, who is a resident of Rutherford County, Tennessee and the Defendants, who do business in the State of Tennessee.

3. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of D & M Underground, LLC and Bryan Smith (hereinafter "Defendants"). During his employment with Defendants, Plaintiff was a covered employee under

the FLSA.

5. The Defendant D & M Underground, LLC is a business engaged in commercial enterprise. It is a covered employer under the FLSA.

6. Defendant Bryan Smith exercises operational control over Defendant D & M Underground, LLC. He made the wage hour and termination decisions at issue in this action. He acted willfully with respect to the employment decisions at issue in this case, and he is an "employer" for purposes of individual liability under the FLSA.

## II. FACTUAL BASIS FOR SUIT

7. Defendants employed Plaintiff from approximately December of 2016 until January of 2017.

8. As part of his job duties, Plaintiff drove Defendants' vehicle between Defendant's place of business and worksites where Plaintiff was assigned.

9. Defendant Bryan Smith refused to pay Plaintiff for all of this travel time.

10. On Wednesday January 4, 2017, Plaintiff complained to Defendant Smith via text message that he believed it was illegal to fail to pay employees for driving the Defendants' truck to and from the jobsite without compensation.

11. After a text message exchange on this issue, Defendant Smith informed Plaintiff, "I need you off the job site your 30 days aren't up yet your services are no longer needed." (grammatical errors in original).

12. Terminating an employee because he, in good faith, claims a violation of the FLSA is a violation of Section 15(a)(3) of the Act.

13. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

14. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

15. Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendants to avoid paying Plaintiff proper overtime compensation for all hours worked over forty (40).

16. Defendant's intentional failure to pay Plaintiff all of his overtime wages and retaliatory termination were willful violation of the FLSA.

17. To the extent that the uncompensated travel time was not "overtime," Defendants were unjustly enriched, as they received the benefits of this work without compensating Plaintiff for same. Accordingly, it would inequitable and unjust for Defendants to receive the benefits of this work without properly compensating Plaintiff.

### III. CAUSES OF ACTION

18. The forgoing facts are incorporated by reference as if fully stated herein.

19. Plaintiff demands a jury.

20. Plaintiff brings the following causes of action against Defendants:

   A. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938;

   B. Unjust enrichment/quantum meruit; and

   C. Illegal termination in violation of the anti-retaliation protections of the Fair Labor Standards Act.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

21. A declaratory judgment that Defendants have violated the overtime and anti-retaliation provisions of the FLSA;

22. A declaratory judgment that Defendants' violations of the FLSA were willful;

23. An award to Plaintiff of damages in the amount of unpaid straight time and overtime compensation to be proven at trial;

24. An award to Plaintiff of back pay, front pay, interest, liquidated damages for his illegal termination in an amount to be proven at trial;

25. An award to Plaintiff and of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to Plaintiff pursuant to 29 U.S.C. § 216(b);

26. An award to Plaintiff of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

27. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL MCWHERTER SCOTT BOBBITT PLC**

*s/ Michael L. Russell*
MICHAEL L. RUSSELL (#20268)
EMILY S. EMMONS (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*